UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BELTONDE PIERRE,<br>Petitioner,<br><br>v.<br><br>KEVIN RAYCRAFT et al.,<br>Respondents. | Case No. 26-13570<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Beltonde Pierre ("Pierre"), a federal immigration detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He seeks either release from federal custody or an individualized bond hearing on the basis that his continued detention without a bond hearing violates the Immigration and Nationality Act (INA) and the Due Process clause of the Fifth Amendment. *Id.* The petition is fully briefed, ECF Nos. 5, 6, and the Court finds a hearing unnecessary. *See* E.D. Mich. 7.1(f)(2). For the following reasons, the Court will deny the petition.

## I. Background

Pierre is a 33-year-old Haitian citizen who arrived in the United States in November 2023 seeking parole under the Haitian Humanitarian Parole Program (HHPP) which allowed immigration officials to temporarily parole inadmissible Haitian citizens under 8 U.S.C. § 1182(d)(5)(A). Pierre was processed by U.S. Customs and Border Patrol, issued a Form I-94 authorizing his admission as a non-immigrant parolee, and placed in removal proceedings. After he was released, Pierre established residence in New York and began working as a delivery driver for Amazon. In September 2026, Pierre traveled to Canada to apply for asylum. He was detained on September 5, 2026, at the Port Huron port of entry after being escorted back to the United States by Canadian immigration officials after his asylum application was denied.

Pierre alleges that DHS failed to provide written notice of the termination of his parole, did not issue a written decision regarding the basis for his re-detention, and has not provided him with an opportunity to challenge his detention. Respondents provide evidence of notice given to Pierre regarding the termination of his parole and argue that the Court should deny the petition because he has failed to exhaust his administrative remedies. They further assert that Pierre’s detention does

not violate his due process rights because he can request an individualized bond hearing in immigration court.

## II. Analysis

### A. Standard of Review

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A district court may grant a writ of habeas corpus if a petitioner is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief. 28 U.S.C. § 2243.

### B. Discussion

As an initial matter, Pierre argues that 8 U.S.C. § 1226(a) governs his detention, whereas Respondents argue a noncitizen's detention is authorized under 8 U.S.C. §§ 1225, 1226(a), or 1226(c). Whether the Government deems Pierre's detention mandatory is not clear from the record. Pierre initially requested a bond determination hearing, but he later

withdrew that request. Pierre has not made a subsequent request for a bond determination hearing.

Enforcing an exhaustion requirement is within this Court's "sound judicial discretion." *See Shearson v. Holder*, 725 F.3d 588, 593–94 (6th Cir. 2013) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)). Here, the Court finds it appropriate to require Pierre to exhaust his administrative remedies. Until he has done so, any request for habeas relief from this Court is premature. Therefore, the Court will dismiss the petition without prejudice.

## III. Conclusion

Accordingly, the Court **DENIES** the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **WITHOUT PREJUDICE**. Pierre may file a new petition following the result of a renewed request for a bond hearing.

**IT IS SO ORDERED**.

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: November 24, 2026